UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TODD C. BANK, Individually and on Behalf of
All Others Similarly Situated,

*Plaintiff*,

-against-

AMERICAN RENEWABLE ENERGY INC.
and AMERGY SOLAR INC.,

*Defendants*.

---

# CLASS-ACTION COMPLAINT

## INTRODUCTION

1. This action arises under a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

2. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential or cellular telephone number one or more telephone calls, described below, were placed (the "Federal Class") during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Class Period").

3. Plaintiff also brings this action individually and as a class action on behalf of all persons to whose New York telephone numbers one or more telephone calls, described below, were placed, such telephone numbers being those with an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

1

4.      Plaintiff seeks, individually and on behalf of the other Federal Class Members, statutory damages, injunctive relief, and costs.

5.      Plaintiff seeks, individually and on behalf of the other New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

6.      The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. Section 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. Sections 1332(d)(2)(a) 1367(a).

8.      The matter in controversy arising out of Plaintiff's state-law claims exceeds the sum or value of $5,000,000, exclusive of interest and costs.

9.      Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## PARTIES

10.     Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

11.     Defendant, American Renewable Energy Inc. ("ARE"), is a corporation organized and existing under the laws of New Jersey, and has a principal place of business at 100 Prospect Street, Metuchen, NJ  08840.

12.     Defendant, Amergy Solar Inc. ("Amergy"), is a corporation organized and existing under the laws of New Jersey, and has a principal place of business at 100 Prospect Street, Metuchen, NJ  08840.

13.     Amergy is licensed as a New York City General Contractor (ID 615068 N ).

## FACTS

14. On or about November 15, 2017, Defendants placed, to Bank on his residential telephone line, a telephone call whose Caller Identification ("Caller ID") information included the telephone number 516-206-9011 (the "Telemarketing Call").

15. The Caller ID information of the Telemarketing Call did not reflect the actual source of the Telemarketing Call, but, instead, was fabricated.

16. When Bank answered the Telemarketing Call, he heard a prerecorded voice that stated as follows:

> Hi, my name is Lisa, and I'm calling from Home Solar Solutions. How are you doing today? If we can show you how this will have no up-front costs and dramatically lower your electric bill, would you be interested in finding out more? Great. Now this call may be recorded for training and compliance purposes. So the first step is to see if you qualify by asking you some very simple questions. Do you own the property or rent it? OK, what time of home do you have? Is it a single-family residence, mobile home, or condo? Perfect. If you took a twelve-month average of your electric bill, is it above or below one hundred dollars? Okay. So far it looks like you qualify just fine. If we can show you how there will be no up-front costs to you while allowing you to dramatically lower or eliminate your electric bill - hold on just a moment and I'll get one of our specialists to answer that for you. Okay? Is that okay? Hold on just a moment for me, okay?

17. Bank attempted to "converse" with "Lisa," and, in doing so, realized that "Lisa" was not a live person but, rather, a prerecorded voice or a series of prerecorded snippets.

18. Several seconds after the end of the recording as quoted in paragraph "16," a live person came on the line and identified herself as Alex.

19. Bank told Alex that Bank's name was Jim Svaansen.

20. Prior to Bank's receipt of the Telemarketing Call, Bank had never identified himself as Jim Svaansen.

21. The Telemarketing Call promoted the goods and services of Defendants.

22. "Home Solar Solutions" is a fictitious name used by Defendants.

23. The Telemarketing Call was made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator.

24. The prerecorded portion of the Telemarketing Call did not state the name of the person on whose behalf the Telemarketing Call was placed.

25. The prerecorded portion of the Telemarketing Call did not state the address of the person on whose behalf the Telemarketing Call was placed.

26. The prerecorded portion of the Telemarketing Call did not state the telephone number of the person on whose behalf the Telemarketing Call was placed.

27. The Telemarketing Call was made without Bank's prior express written consent.

28. The Telemarketing Call is among thousands of telephone calls that have been placed to residential or cellular telephone lines and whose prerecorded portion has been materially or literally identical to the Telemarketing Call both in method and in substance (hereinafter, the Telemarketing Call and the additional calls described in this paragraph are referred to, collectively, as the "Class Telemarketing Calls").

## APPLICABLE LAW

**A. Regulation of Certain Calls to Residential and Cellular Telephone Numbers**

**(i) Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA")**

29. With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

30. With respect to telephone numbers assigned to a cellular telephone service, the TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

31. Recipients of calls that are made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b), the court may increase the award by up to $1,000 per violation. *See id.*

**B.     New York General Business Law Section 399-p**

32. New York General Business Law Section 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

33. Persons whose rights under GBL Section 399-p are violated are entitled, pursuant to GBL Section 399-p(9), to the greater of actual damages or $50 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.

## FIRST CAUSE OF ACTION

34.     Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "28" inclusive of this Complaint as if fully set forth herein.

35.     The placement of the Class Telemarketing Calls violated 47 U.S.C. Section 227(b)(1).

36.     Bank and Members of the Federal Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

37.     In the event that Defendants willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

38.     Bank and the other Members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. Section 227(b)(1).

## SECOND CAUSE OF ACTION

39.     Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "28" inclusive of this Complaint as if fully set forth herein.

40.     The placement of the Class Telemarketing Calls to New York Class Members violated GBL Section 399-p(3)(a).

41.     Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

42.     Bank and the other Members of the New York Class are entitled to an Order, pursuant to GBL Section 399-p(9), enjoining Defendants from violating GBL Section 399-p(3)(a)

43.     Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

## **CLASS ALLEGATIONS**

44. Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone one or more Class Telemarketing Calls telephone calls were made during the Federal Class Period.

45. Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone one or more Class Telemarketing Calls were made during the New York Class Period.

46. Bank believes that there are thousands of individuals whose claims are similar to Bank's claims, and, furthermore, that Bank's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of Defendants' wrongful conduct in the same manner in which Bank has sustained damages arising out of Defendants' unlawful conduct.

47. Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

48. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

49. Common questions of law and fact predominate over questions that affect only

individual Federal Class Members. Among those questions are:

- (i) whether telephone calls were made to residential or cellular telephone lines by, at the direction of, with the approval of, or with the authorization of Defendants;

- (ii) whether Defendants violated Section 227(b)(1) of the TCPA;

- (iii) whether Defendants willfully or knowingly violated Section 227(b)(1) of the TCPA;

- (iv) whether the Members of the Federal Class are entitled to damages as a result of Defendants' violations of Section 227(b)(1) of the TCPA, and, if so, how much; and

- (v) whether the Members of the Federal Class are entitled to injunctive relief as a result of Defendants' violations of Section 227(b)(1) of the TCPA.

50. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

- (i) whether telephone calls were made to residential or cellular telephone lines by, on behalf of, at the direction of, with the approval of, or with the authorization of Defendants using equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator, wherein the telephone number to which the such calls were made was a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929

- (ii) whether Defendants violated GBL Section 399-p(3)(a);

- (iii) whether the Members of the New York Class are entitled to damages as a result of Defendants' violations of GBL Section 399-p(3)(a);

- (iv) whether the Members of the New York Class are entitled to injunctive relief as a result of Defendants' violations of GBL Section 399-p(3)(a); and

- (v) whether the Members of the New York Class are entitled to reasonable legal fees as a result of Defendants' violations of GBL Section 399-p(3)(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Members of the Federal Class;

(b) Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Class, in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendants knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

(c) Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. Section 227(b)(1);

(d) Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e) Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendants from violating New York General Business Law Section 399-p(3)(a); and

(f) An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: January 3, 2018

                                              Respectfully submitted,

                                                s/ *Todd C. Bank*
                                            TODD C. BANK
                                              ATTORNEY AT LAW, P.C.
                                            Todd C. Bank
                                            119-40 Union Turnpike
                                            Fourth Floor
                                            Kew Gardens, New York 11415
                                            (718) 520-7125
                                            By Todd C. Bank

                                            *Counsel to Plaintiff*